IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES L. BROWN                                                                PLAINTIFF


v.                                    Civil No. 4:20-cv-4027


SERGEANT VARSHAY, Classification Officer
Hempstead County Detention Center ("HCDC");
JAMES WISE, Jail Administrator HCDC; and
SHERIFF JAMES SINGLETON, Hempstead
County, Arkansas                                                              DEFENDANTS

**<u>ORDER</u>**

        Currently before the Court is Plaintiff's failure to keep the Court informed of his address.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on March 25, 2020.  (ECF No. 1).  Plaintiff

submitted two applications to proceed *in forma pauperis*, but the applications were incomplete.

(ECF Nos. 2, 7).  On April 2, 2020, Plaintiff filed a Supplement to his Complaint.  (ECF No. 8).

That same day, the Court ordered Plaintiff to file an amended complaint.  (ECF No. 9).  On April

16 and May 1, 2020, mail sent to Plaintiff at his address of record was returned as undeliverable

marked "RETURN TO SENDER REFUSED UNABLE TO FORWARD."  (ECF Nos. 12, 13).[1]

Plaintiff has not updated his address of record and the Court is unaware of any alternative address

for him.

        Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Local Rules state in pertinent part:

---

[1] The word "REFUSED" prompted the Court to contact the Hempstead County Detention Center directly.  A person at the facility informed the Court Plaintiff that was released on March 31, 2020, to the Arkansas Department of Correction.

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge